UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

        Plaintiff,

                              CASE NO. 16-CV-10318
v.                              HONORABLE GEORGE CARAM STEEH

KALAMAZOO EDUCATION
ASSOCIATION,

        Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

Pro se plaintiff Anderson Lee Fernanders filed this civil rights action seeking to recover for allegedly racially discriminatory treatment his minor daughter suffered at the hands of her teachers. Plaintiff has demonstrated that he is indigent; thus, his request for in forma pauperis status is granted. Having granted such status, the court must screen the Complaint to determine whether the case is frivolous or fails to sate a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, plaintiff has failed to state a claim and this action shall be dismissed.

In cases where the plaintiff is pro se, courts liberally construe the complaint and do not hold it to the same stringent standard as formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). As an initial matter, the court notes that pro se plaintiff may not represent his minor daughter. Parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to or her parent or representative. *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir.

-1-

2002).  Plaintiff can only represent himself pro se and cannot act as an attorney for his child.  28 U.S.C. § 1654.

Plaintiff alleges "bystander injury" for discrimination in education against his daughter under Title IV of the Civil Rights Act, 42 U.S.C. § 2000c-8.  The purpose of Title IV is to remedy discrimination in public schools.  *Gilmore v. Amityville Union Free School*, 305 F. Supp. 2d 271, 279 (E.D.N.Y. 2004).  However, section 2000c-8 does not create a separate cause of action, but merely preserves an individual's right to sue under other civil rights acts.  *Bedford v. Univ. of Louisville Sch. of Med.*, 887 F.2d 1086, *3 (6th Cir. 1989) (table decision).  Given plaintiff's pro se status, the court considers other civil rights statutes to determine whether plaintiff has a viable claim, namely 42 U.S.C. §§ 1983, 1981, 1985(3), 1986, and Title VI, and finds that he does not.

First, the court considers 42 U.S.C. § 1983.  "A section 1983 claim is entirely personal to the direct victim of the alleged constitutional tort."  *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). No cause of action exists for a victim's family members for emotional distress or any other consequent collateral injuries allegedly suffered by the victim's family members.  *Id.*  Because plaintiff has not alleged any injury that is personal to him, but seeks to recover for emotional distress or "bystander" injury for the alleged discrimination against his minor daughter, plaintiff has not stated a viable § 1983 claim.

Second, the court considers whether a claim might lie under 42 U.S.C. § 1981 which prohibits discrimination in the making of public and private contracts.  *See St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987).  The complaint does not plead that plaintiff entered into any public or private contract with the defendant; thus, no claim lies under § 1981 either.

Third, the court considers whether plaintiff might have stated a claim under 42 U.S.C. § 1985(3). To state such a claim, a plaintiff must prove: "1) a conspiracy; 2) for [the] purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; 3) an act in furtherance of the conspiracy; and 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Riddle v. Egensperger*, 266 F.3d 542, 549 (6th Cir.2001) (citation omitted). The plaintiff must also "establish that the conspiracy was motivated by class-based animus." *Johnson v. Hills & Dales General Hospital*, 40 F.3d 837, 839 (6th Cir.1994). Notably, plaintiff has not alleged the existence of a conspiracy. Plaintiff has sued only one entity: the Kalamazoo Education Association ("KEA"), a volunteer association. Thus, it is clear no conspiracy exists as a conspiracy requires an agreement of two or more persons. Any request for leave to amend the Complaint to name individual teachers as defendants also would be futile. Even if the court considered plaintiff's allegations that two teachers employed by the Kalamazoo Public Schools, discriminated against his daughter on the basis of race, this could not give rise to a conspiracy claim either based on the intra-corporate conspiracy doctrine. That doctrine provides:

> It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.

*Hull v. Cuyahoga Valley Joint Voc. Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1991) (dismissing § 1985 conspiracy claim against various school officials on the basis of the intra-corporate conspiracy doctrine). The Sixth Circuit has applied the intra-corporate

-3-

conspiracy doctrine to claims brought under § 1985(3). *Estate of Smithers v. City of Flint*, 602 F.2d 758, 765 n.4 (6th Cir. 2010) *see Epps-Milton v. Genesee Int. Sch. Dist.*, No. 14-11861, 2014 WL 5817015, at *9 (E.D. Mich. Nov. 10, 2014) (no § 1985(3) conspiracy when all defendants are employees or agents of the school district and/or the board of education). Here, plaintiff alleges that two teachers discriminated against his daughter on the basis of race. Both teachers are members of the Kalamazoo Public School system and members of KEA, thus they are part of a single entity and their conduct cannot give rise to a § 1985(3) claim. Having failed to allege a viable § 1985(3) claim, plaintiff cannot state a claim under 42 U.S.C. § 1986. *See Browder v. Tipton*, 630 F.2d 1149, 1155 (6th Cir. 1980) (a cognizable § 1985 claim is a prerequisite to stating a claim § 1986).

Finally, the court considers whether a cause of action might lie under Title VI of the Civil Rights Act which provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. To establish a claim under Title VI, plaintiff must show "(1) that the entity involved engaged in racial discrimination; (2) the entity involved is receiving federal financial aid; and (3) [p]laintiff was an intended beneficiary of the program or activity receiving the aid." *Samuel v. Excelsior College*, No. 1-14-CV-456, 2014 WL 2105839 (N.D.N.Y. May 20, 2014). It is the student who is the proper plaintiff in a Title VI race discrimination claim, as it is the student who is deprived of access to the educational opportunities or benefits provided by the school. *See Davis v. Monroe Cty. Bd. of Educ.*,

526 U.S. 629, -- (1999). Here, plaintiff has not sued on his minor daughter's behalf, but on his own behalf. Thus, he has no viable claim under Title VI.

Having found that plaintiff has failed to state a federal claim upon which relief can be granted, the court exercises its discretion to dismiss without prejudice the supplemental state laws claims pursuant to 28 U.S.C. § 1367(c)(3). *See Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.").

For the reasons set forth above, plaintiff's federal civil rights claims are DISMISSED WITH PREJUDICE for failure to state a claim, and plaintiff's supplemental state law claims are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated: February 17, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 17, 2016, by electronic and/or ordinary mail and also on Anderson Lee Fernanders, 5801 Marlowe Dr., Flint, MI 48504.

s/Barbara Radke
Deputy Clerk

---