UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDERSON LEE FERNANDERS,

        Plaintiff,

v.

        CASE NO. 16-CV-10318
        HONORABLE GEORGE CARAM STEEH

KALAMAZOO EDUCATION
ASSOCIATION,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 6)**

Pro se plaintiff Anderson Lee Fernanders, proceeding in forma pauperis, filed this civil rights action seeking to recover for allegedly racially discriminatory treatment his minor daughter suffered at the hands of her teachers. This court dismissed the complaint for failure to state a claim on which relief may be granted under the pre-screening procedures governing complaints filed in forma pauperis. 28 U.S.C. § 1915(e)(2)(B). Plaintiff timely filed a motion for reconsideration which is the matter now before the court. Because plaintiff is proceeding pro se, this court liberally construes his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even giving plaintiff the deference owed, plaintiff's motion for reconsideration lacks merit and shall be denied.

In order to prevail on a motion for reconsideration, a movant "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." Local Rule 7.1(h)(3). In general, the court will not grant motions for reconsideration "that merely

present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.* Plaintiff has failed to meet his burden here. Plaintiff argues that he may prevail on his bystander tort theory and that he has a viable claim under 42 U.S.C. §§ 1983 and 1981. His arguments lack merit.

First, plaintiff argues that Michigan law allows for recovery for bystander injury in tort claims. This argument lacks merit as the basis for the court's jurisdiction was not diversity, but federal question jurisdiction based on alleged violations of civil rights statutes. Having dismissed all of the federal claims, this court exercised its discretion and dismissed the state law claims without prejudice. Thus, any argument regarding Michigan tort claims is irrelevant.

Second, plaintiff argues that he stated a viable § 1983 claim arising out of his daughter's alleged injuries claiming that § 1983 allows for bystander injury and that the party injured need not be the party whose constitutional rights were violated. This is not so. As stated in its prior order of summary dismissal, a "section 1983 claim is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). No cause of action exists for a victim's family members for emotional distress or any other consequent collateral injuries allegedly suffered by the victim's family members. *Id.* Because plaintiff has not alleged any injury that is personal to him, but seeks to recover for emotional distress or "bystander" injury for the alleged discrimination against his minor daughter, plaintiff has not stated a viable § 1983 claim.

Third, the court considers plaintiff's claim that he has a viable claim under 42 U.S.C. § 1981 which prohibits discrimination in the making of public and private contracts. *See St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987). As previously stated, the

complaint does not plead that plaintiff entered into any public or private contract with the defendant; thus, no claim lies under § 1981. In his motion for reconsideration, plaintiff argues that he is an intended beneficiary of the contract between the Kalamazoo Public Schools and defendant Kalamazoo Education Association which he claims was intended to benefit his daughter. The argument is frivolous. Plaintiff is not a third-party beneficiary of that contract.

Finally, the court notes that plaintiff devotes a great portion of his motion for reconsideration to a discussion of Title VII. Title VII prohibits discrimination in employment. As plaintiff was not defendant's employee, that statute is irrelevant.

Having failed to show a palpable defect by which the court has been misled, plaintiff's motion for reconsideration (Doc. 6) is DENIED. Based on the preceding order, this court certifies that any appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis*.

**IT IS SO ORDERED**.

Dated: March 11, 2016

>                s/George Caram Steeh
>                GEORGE CARAM STEEH
>                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 11, 2016, by electronic and/or ordinary mail and also on Anderson Lee Fernanders, 5801 Marlowe Dr., Flint, MI 48504.

s/Barbara Radke
Deputy Clerk

---